IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

---

RUTH KELLEY,

                Plaintiff,

   v.                                   Civil Action No.
                                               8:13-CV-0658 (DEP)

CAROLYN COLVIN, Acting Commissioner
of Social Security,

                Defendant.

---

APPEARANCES:                           OF COUNSEL:

FOR PLAINTIFF

SCHNEIDER LAW OFFICE            MARK A. SCHNEIDER, ESQ.
57 Court Street
Plattsburgh, NY   12901

FOR DEFENDANT

HON. RICHARD S. HARTUNIAN     PETER W. JEWETT, ESQ.
United States Attorney for the       Special Assistant U.S. Attorney
Northern District of New York
P.O. Box 7198
100 S. Clinton Street
Syracuse, NY 13261-7198

DAVID E. PEEBLES
U.S. MAGISTRATE JUDGE

## ORDER

Currently pending before the court in this action, in which plaintiff seeks judicial review of an adverse administrative determination by the Commissioner, pursuant to 42 U.S.C. § 405(g), are cross-motions for judgment on the pleadings.[1] Oral argument was conducted in connection with those motions on February 10, 2014, during a telephone conference held on the record. At the close of argument I issued a bench decision in which, after applying the requisite deferential review standard, I found that the Commissioner's determination did not result from the application of proper legal principles and is not supported by substantial evidence, providing further detail regarding my reasoning and addressing the specific issues raised by the plaintiff in her appeal.

After due deliberation, and based upon the court's oral bench decision, a transcript of which is attached and incorporated herein by reference, it is hereby

---

[1] This matter, which is before me on consent of the parties pursuant to 28 U.S.C. § 636(c), has been treated in accordance with the procedures set forth in General Order No. 18 (formerly, General Order No. 43) which was issued by the Hon. Ralph W. Smith, Jr., Chief United States Magistrate Judge, on January 28, 1998, and subsequently amended and reissued by Chief District Judge Frederick J. Scullin, Jr., on September 12, 2003. Under that General Order an action such as this is considered procedurally, once issue has been joined, as if cross-motions for judgment on the pleadings had been filed pursuant to Rule 12(c) of the Federal Rules of Civil Procedure.

ORDERED, as follows:

1) Plaintiff's motion for judgment on the pleadings is GRANTED.

2) The Commissioner's determination that plaintiff was not disabled at the relevant times, and thus is not entitled to benefits under the Social Security Act, is VACATED.

3) The matter is hereby REMANDED to the Commissioner, without a directed finding of disability, for further proceedings consistent with this determination.

4) The clerk is respectfully directed to enter judgment, based upon this determination, remanding the matter to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g) and closing this case.

_David E. Peebles_
U.S. Magistrate Judge

Dated: February 13, 2014
Syracuse, NY

```
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
------------------------------------x
RUTH KELLEY,

                    Plaintiff,

vs.                                  13-CV-658

CAROLYN COLVIN,
Commissioner of Social Security,

                    Defendant.

------------------------------------x

         Transcript of Decision February 10, 2014,

              James Hanley Federal Building

        100 South Clinton Street, Syracuse, New York

              HONORABLE DAVID E. PEEBLES,

         United States Magistrate-Judge, Presiding.

                   A P P E A R A N C E S
                      (by telephone)


For Plaintiff:      MARK A. SCHNEIDER
                    Attorney at Law
                    57 Court Street
                    Plattsburgh, New York 12901

For Defendant:      SOCIAL SECURITY ADMINISTRATION
                    Office of Regional General Counsel
                    26 Federal Plaza
                    New York, New York 10278
                      BY:  PETER W. JEWETT, ESQ.
```

*Eileen McDonough, RPR, CRR*
*Official United States Court Reporter*
*P.O. Box 7367*
*Syracuse, New York 13261*
*(315)234-8546*

1      THE COURT:  Thank you.  I'll let that be the last word.
2      So, I have before me a plaintiff who was born in March
3  of 1969.  She's 44 years old.  Well, she's almost 45.  High
4  school graduate.  Has two children age 16 and 20.  The
5  20-year-old, according to the record, lives with her during
6  the school year.  She last worked in November of 2009 and her
7  prior work experience encompasses various positions.
8      It's very clear that the plaintiff suffers from mental
9  impairments, as well as alcohol abuse and cannabis
10 dependency.  Among her mental impairments is a depressive
11 disorder that worsened in 2007 through 2009 with the deaths
12 of her brother in 2007, her father in 2008, her mother in
13 2010, and a suicide of an ex-boyfriend shortly after their
14 breakup.  She has had at least two failed attempts at
15 rehabilitation, one at Conifer Park on another at a place
16 called OASAS.
17     She has requested that she be provided with disability
18 insurance benefits, filed an application on May 10, 2010
19 alleging an onset date of November 17, 2009.  She has
20 insurance coverage through December 31, 2013.  A hearing was
21 conducted by Administrative Law Judge Mary Sparks on July 6,
22 2011.  ALJ Sparks issued a decision on October 14, 2011,
23 finding that the plaintiff was not disabled at the relevant
24 times and, therefore, not eligible for benefits.  The Social
25 Security Appeals Council denied review on May 22, 2013.

In her decision ALJ Sparks applied the five-step disability test and concluded when considering all of plaintiff's limitations, including those resulting from her alcohol and drug use, that she would be disabled. She concluded, however, that if it were not for the influence of the drug and alcohol use, she would not be disabled. A Residual Functional Capacity, or RFC, was determined, and that RFC was presented in the form of a hypothetical to a vocational expert who concluded that there are at least three jobs that the plaintiff would be capable of performing but for her alcoholism and drug dependency.

At this point the Court's task is well-defined and well understood. Under 42, United States Code, Section 405(g) I must determine: A, whether correct legal standards were applied; and B, whether the Commissioner's decision is supported by substantial evidence.

Substantial evidence is defined as such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. The case is subject to the Contract with America Advancement Act of 1996, which addressed the influence of drug addiction and alcohol abuse on disability. The CAA, which is codified in part at 42, United States Code, Section 423(d)(2)(C), provides that an individual is not considered disabled for purposes of disability insurance and SSI benefits if alcoholism or drug addiction would be a

contributing factor material to the Commissioner's determination that the individual is disabled.

To determine whether alcoholism is a contributing factor material to the determination of disability, both the Commissioner and a reviewing court must look to whether the claimant is disabled, and, if so, whether he or she would still be disabled absent the use of drugs or alcohol.

The burden of demonstrating that substance abuse is not a contributing factor to the disability determination rests, of course, with the claimant. Second Circuit's decision in *Cage versus Commissioner*, reported at 692 F.3d 118 from 2012 adequately states the legal principles associated with the Contract with America Advancement Act of 1996.

In this case I have several problems with the Commissioner's determination. There doesn't seem to be any issue or challenge with regard to steps one through four. I have before me a report by Dr. Hartman of a consultative exam administered in July of 2010 at a period of sobriety, at least according to the plaintiff, that in my view casts doubt on whether or not the plaintiff would be disabled but for alcoholism.

The obvious, more serious issue and Dr. Hartman identifies major depression disorder, general anxiety disorder and social phobia as diagnoses. I'll note parenthetically that on two separate occasions the

1  Administrative Law Judge seems to minimize the mental
2  diagnoses.  At one point on page 26 of the Administrative
3  Transcript she states, "The only documented diagnosis is
4  alcohol dependence and cannabis abuse and finds little
5  support for allegations of disabling symptomatology absent
6  drug and alcohol abuse."  And discounts the claimant's report
7  that she suffers from significant levels of social anxiety.
8  And yet both Dr. Hartman and her treating psychiatrist
9  Dr. John Schenkel clearly reflect those diagnoses.
10     The CVPH report of August 14, 2009 at 375 of the
11 Administrative Transcript also substantiates major
12 depression.  Plaintiff has been diagnosed at various times
13 with GAF scores of 47, that is at page 474 to 477, and 48.
14 And that is in I believe Dr. Schenkel's, one of
15 Dr. Schenkel's reports.  Of course, a GAF of 47 and 48
16 reflects serious symptoms such as suicidal ideations, severe
17 obsessional rituals and frequent shoplifting, or any series
18 of impairment of social, occupational or school functions,
19 such as lack of friends or an inability to maintain
20 employment.
21     Sarah Marlow, although she is not a physician and not a
22 treating source, per se, under the Commissioner's
23 regulations, she is someone whose opinions can be considered
24 under Social Security Ruling 13-2.  And her reports in my
25 view also support the suggestion that if she stopped

1 drinking, she would still have these mental and psychological
2 issues.
3 　　　The ALJ's determination is extremely deficient in the
4 area of treating source.  As the Commissioner acknowledges,
5 there is no indication of what, if any, weight the ALJ gave
6 to the opinions of Dr. Schenkel, who is clearly a treating
7 source.  And under the Commissioner's regulations and case
8 law, when a treating source's opinions are repudiated, there
9 is a process or steps that the ALJ must go through in order
10 to allow for meaningful judicial review.  That did not happen
11 in this case.
12 　　　I also find that the ALJ's credibility determination is
13 lacking in meaningful analysis and does not meet the
14 requirements of the Commissioner's regulations and case law
15 concerning credibility determinations, and it's important to
16 allow for meaningful judicial review to go through the
17 analysis as envisioned by the regulations.
18 　　　So, in sum, I find that the Commissioner's determination
19 is not supported by substantial evidence.
20 　　　And the last issue to be addressed is remand.
21 Obviously, I know Mr. Schneider has argued that the case
22 should be remanded solely for calculation of benefits.  I
23 don't find that that's necessarily the appropriate way to
24 proceed in this case.  I don't find necessarily that there is
25 persuasive proof of disability, bearing in mind that it is

1  the plaintiff's burden to show that but for the effects of
2  alcoholism and drug addiction she would still be disabled.  I
3  think remand for further consideration is justified in order
4  to cure the defects that I've just outlined.  And so I will
5  vacate the Commissioner's determination and remand for
6  further proceedings.
7      The only other thing that I wanted to mention for future
8  reference.  I was given, I think I counted up the pages that
9  with the latest addition of 26 pages, I was given by the
10 plaintiff's counsel 291 pages of additional materials without
11 helpful citations to the parts of those materials that might
12 support the plaintiff's argument.  And I'll just go on record
13 as saying I didn't review every one of those 291 pages
14 because I don't view it as the Court's responsibility to
15 review an Administrative Transcript from cover to cover
16 without the benefit of some citation and pointing the Court
17 to the truly relevant excerpts.  But I did want to say that
18 for future reference.  It would be helpful to have had
19 citations to specific excerpts.
20     So, I will issue an order today memorializing my
21 determination and -- well, it might not be today.  It will be
22 when the transcript is prepared.  I want to thank you both
23 for excellent presentations and arguments.
24     MR. JEWETT:  Thank you, Your Honor.  I will try to
25 remedy that in the future, I'm sorry.

1  THE COURT: Excellent. Thank you.
2                *           *           *
3                C E R T I F I C A T I O N
4
5       I, EILEEN MCDONOUGH, RPR, CRR, Federal Official
6  Realtime Court Reporter, in and for the United States
7  District Court for the Northern District of New York,
8  do hereby certify that pursuant to Section 753, Title 28,
9  United States Code, that the foregoing is a true and correct
10 transcript of the stenographically reported proceedings held
11 in the above-entitled matter and that the transcript page
12 format is in conformance with the regulations of the
13 Judicial Conference of the United States.
14
15
16                          Dated February 12, 2014
17
18                          _____
19                          EILEEN MCDONOUGH, RPR, CRR
                            Federal Official Court Reporter
20
21
22
23
24
25